NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUGRAJ SINGH,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-1427

Agency No.
A202-129-327

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 13, 2024[**]
San Francisco, California

Before: GOULD, TALLMAN, and R. NELSON, Circuit Judges.

Jugraj Singh, a native and citizen of India, seeks review of the Board of

Immigration Appeals' ("BIA") dismissal of his appeal of the Immigration Judge's

("IJ") denial of asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). The IJ denied all relief after making an adverse credibility finding against Singh, which the BIA affirmed. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Where, as here, "the BIA issues its own decision but adopts particular parts of the IJ's reasoning, we review both decisions." *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020) (citing *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)). When reviewing the adverse credibility determination, "we examine 'the reasons explicitly identified by the BIA' and 'the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Id.* (quoting *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008)). In so reviewing, "we do not review those parts of the IJ's adverse credibility finding that the BIA did not identify as most significant and did not otherwise mention." *Id.* (internal quotation marks and citation omitted).

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Id.* This is a highly deferential standard, under which "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the contrary.'" *Id.* (quoting *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1184 (9th Cir. 2016)). An adverse credibility finding can be upheld if the agency provides "specific instances in the record that form the basis of the agency's adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

The BIA upheld the IJ's adverse credibility finding based on internal inconsistencies in Singh's hearing testimony and inconsistencies with his written statements supporting his asylum application. In Singh's application for asylum, he alleged two instances of persecution against him by opposing political parties. His application states that the first instance occurred on March 31, 2008, when he was threatened by members of an opposing political party, and the second instance occurred on April 13, 2013, when members of a different opposing political party attacked him. During his hearing, Singh repeatedly misstated the date of the first instance of alleged persecution, testifying that the threats occurred in 2013 rather than 2008. Even after the IJ attempted to clarify the date, he continued to misstate the date during his testimony by a factor of five years. The IJ provided Singh with the opportunity to explain the apparent inconsistency; Singh stated his reason for mixing up the dates was that he got a bit confused and is not very literate. The IJ found this explanation unreasonable, stating that one does not need to be literate to remember when an event of alleged persecution occurred. The BIA held that these inconsistencies, which go to a central part of his claim of persecution, are a sufficient basis to uphold the IJ's adverse credibility finding.

We agree. The IJ provided Singh an opportunity to explain the perceived inconsistencies and gave his counsel an opportunity to elicit an explanation for the confusion. *See Tekle*, 533 F.3d at 1053 (holding that an IJ commits legal error by

3                                                                 23-1427

denying a petitioner the opportunity to explain inconsistencies).  Still, he was unable to give a cogent explanation for his confusion and repeated inconsistencies.  We find that there is substantial evidence to uphold the adverse credibility finding because the IJ pointed to specific instances in the record to make its finding and the record does not compel a different result.  *Shrestha*, 590 F.3d at 1042.

In the absence of credible testimony, Singh's documentary evidence is insufficient to carry his burden of establishing his eligibility for asylum or withholding of removal.  *See Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017); *see also* 8 U.S.C. § 1158(b)(1)(B)(ii).  Ineligibility for asylum or withholding of removal does not necessarily preclude relief under CAT.  *Wang*, 861 F.3d at 1009.  However, because Singh's CAT claim relied on the same non-credible testimony as his asylum and withholding of removal claims, the other evidence in the record must independently compel the conclusion that it is more likely than not that he will be tortured if returned to India.  *Konou v. Holder*, 750 F.3d 1120, 1125 (9th Cir. 2014).  The BIA determined, and we agree, that the documentary evidence here "does not independently establish that the respondent is more likely than not to be tortured upon return" to India.  *See id.* (holding that the BIA's interpretation of the documentary evidence in support of a CAT claim is entitled to deference).  Accordingly, Singh did not meet his burden of proof establishing his right to relief.

**PETITION DENIED.**

23-1427